

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 13, 1939

Honorable Peyton Burke
County Auditor
Falls County
Marlin, Texas

Dear Sir:

Opinion No. 0-864
Re: Expenses of the District
Attorney and contract
with the District Attorney
to represent a road dis-
trict in the legal proceed-
ings of a bond issue, and
pay his fee out of proceeds
of the sale of bonds.

Your request for an opinion on the following stated questions has been received by this office.

Your letter reads, in part, as follows:

"1. Can the Commissioners' Court of
Falls County legally allow the District Attor-
ney his actual and necessary expenses while
engaged in the discharge of official duties in
the county of his residence or in any county
outside of the county of his residence? If
answered in the affirmative what is the maximum
amount allowed by law?

"2. The District Attorney is paid an annual
salary of $4,000 which amount is based on the
fees earned by his office in 1935. Can the Com-
missioners' Court legally contract with the Dis-
trict Attorney to represent a road district in the
legal proceedings of a bond issue and pay his fee
out of proceeds of the sale of bonds?"



Article 6820, Revised Civil Statutes, reads as follows:

"All district judges and district attorneys when engaged in the discharge of their official duties in any county in this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed four dollars per day for hotel bills, and not to exceed four cents a mile when traveling by railroad, and not to exceed twenty cents a mile when traveling by private conveyance, in going to and returning from the place where such duties are discharged, traveling by the nearest practical route. Such officers shall also receive the actual and nexessary postage, telegraph and telephone expenses incurred by them in the actual discharge of their duties. Such expenses shall be paid by the State upon the sworn and itemized account of each district judge or attorney entitled thereto, showing such expenses. In districts containing more than one county, such expenses shall never exceed in any one year $100.00 for each county in the district; provided that no district judge or attorney shall receive more than $800.00 in any one year under the provisions of this article. The account for said services shall be recorded in the offi cial minutes of the district court of the county in which such judge or attorney resides, respectively."

Article 3886F, Revised Civil Statutes, reads in part as follows:

"Section 1. From and after January 1, 1939, in all Judicial Districts in this State the District Attorney in each such District shall receive from the State as pay for his services the sum of Four Thousand Dollars ($4000.00) per year, which said Four Thousand Dollars ($4000.00) shall include the Five Hundred Dollars ($500) salary per year now allowed such District Attorneys by the Constitution of this State; providing that in all Judicial Districts in this State composed of two (2) or more counties in one (1) of which such counties there is a city containing the population of not less than ninety thousand (90,000) inhabitants according to the last preceding Federal Census, the District Attorney of such District shall receive from the



State as pay for his services the sum of Five
Thousand Five Hundred Dollars ($4,500) per year,
which said Five Thousand Five Hundred Dollars
($5,500) shall include the Five Hundred Dollars
($500) salary per year now allowed such District
Attorneys by the Constitution of this State.
Such salary shall be paid in twelve (12) equal
monthly installments upon warrants drawn by the
Comptroller of Public Accounts upon the State
Treasury. Provided that nothing in this Act shall
be construed so as to derive District Attorneys
of the expense allowance allowed or which may here-
after be allowed by law."

By virtue of Article 3885F, supra, the Commissioners'
Court has no right or authority to set the salary of the District
Attorney, but such salary has been set by the Legislature by
statutory enactment.

The statutes do not apportion the expenses of District
Attorneys among the counties in judicial districts composed of
more than one county, but specifically provide that such ex-
penses shall be paid by the State upon the sworn and itemized
account of each District Judge or Attorney entitled thereto,
showing such expenses.

We do not think that Article 3899, Revised Civil
Statutes, which provides for expense accounts for certain of-
ficers, applies to the District Attorneys, and that the Com-
missioners' Courts do not, or cannot, fix the salary of the
District Attorneys. We believe that Article 3899 provides
and authorizes certain expenses only for those officers whose
salaries are set, or may be set, by the Commissioners' Court.

In answer to your first question, you are respectful-
ly advised that it is the opinion of this department that the
Commissioners' Court of Falls County cannot legally allow the
District Attorney his actual and necessary expenses while en-
gaged in the discharge of his official duties in the county of
his residence, or in any county outside of the county of his
residence.

We now consider your second question.

The powers and duties of District Attorneys are those
which have been prescribed by the Constitution and legislative
enactment,

Section 21, Article V of the State Constitution provides in part that:

"The County Attorneys shall represent the state in all the district and inferior courts of their respective counties; but if any county shall be included in a district in which there shall be a district Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature."

Neither the Constitution nor the statutes impose upon the District Attorney the duty to represent a road district in legal proceedings of a bond issue, and it is well established that the Commissioners' Court of any county may lawfully employ the District Attorney to represent the interests of their county in any cause, when such duty is not enjoined upont the District Attorney by Law. Tex. Jur., Vol. 15, p. 450; Jones v. Veltman, 171 S. W. 287; Lattimore v. Tarrant County, 124 S. W. 205.

Article 752q, Revised Civil Statutes, reads as follows:

"The expenses incurred in surveying the boundaries of a political subdivision or road district, and other expenses incident to the issuance of bonds of such subdivision or district shall be paid from the proceeds of the sale of bonds of the subdivision or district issuing the same."

In answer to your second question, you are respectfully advised that the Commissioners' Court can legally contract with the District Attorney to represent the road district in the legal proceedings of the bond issue, and pay his fees out of the proceeds of the sale of bonds.

Trusting that the goregoing answers your inquiry, re remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

(Signed) Ardell Williams
Ardell Williams
Assistant

AW:MR.
APPROVED:
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By O. O. B.
Chairman